IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00061-FDW
(3:09-cr-00081-FDW)

| | |
|---|---|
| TALVIN LEAK, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se motion for habeas relief which he filed pursuant 28 U.S.C. § 2241. No response is necessary from the Government.

I.  BACKGROUND

On April 22, 2009, Petitioner was indicted by the Grand Jury in this District on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of possession with intent to distribute at least five (5) grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Two); and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). (3:09-cr-00081, Doc. No. 1: Indictment). Several months after the indictment was filed, the Government filed an information pursuant 21 U.S.C. § 851 notifying Petitioner of its intention to seek enhanced penalties based on four felony state drug convictions which he sustained in North Carolina prior to the return of the indictment.

Petitioner elected to enter into a written plea agreement with the Government wherein he

agreed to plead guilty to the drug trafficking crime charged in Count Two of his indictment in exchange for the Government's agreement to dismiss the remaining counts. Petitioner's plea of guilty was accepted following a Plea and Rule 11 hearing. On April 11, 2011, Petitioner was sentenced to a term of 216-months' imprisonment, and he gave notice of appeal having reserved the right to challenge the denial of his motion to suppress. (Id., Doc. No. 34: Judgment). The Fourth Circuit rejected his challenge to the order denying the motion to suppress and affirmed his judgments in all respects in a per curiam opinion. See United States v. Leak, 464 Fed. App'x 92 (4th Cir. 2012) (unpublished).

On March 2, 2012, Petitioner filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising three claims: (1) the Government violated Petitioner's Fourth Amendment rights by failing to obtain a wiretap before telephoning Petitioner; (2) the Government failed to present expert testimony to establish the chemical composition of the cocaine which was seized from Petitioner's vehicle; and (3) a claim of ineffective assistance of counsel based on Petitioner's contention that his counsel failed to advise him not to testify at the suppression hearing. After considering Petitioner's arguments, the Court concluded that he had failed to present any meritorious claims for relief and his § 2255 motion was dismissed on May 15, 2013, and he did not appeal. (3:12-cv-00148, Doc. No. 6: Order).

II. DISCUSSION

In the present proceeding, Petitioner asserts a claim for relief pursuant to 28 U.S.C. § 2241. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an

2

individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

Here, Petitioner is not challenging the lawfulness of his conviction. Rather, Petitioner contends that in light of new case law, he was improperly sentenced as a career offender because his prior 2002 conviction for attempted trafficking in cocaine did not subject him to a term in excess of one year in prison, thus the conviction is not a felony which can support the career offender enhancement. (3:15-cv-00061, Doc. No. 1 at 1). This argument must fail first because he does not challenge the legality of his conviction.

Second, Petitioner's challenge to his status as a career offender is simply meritless. Under § 4B1.1 of the U.S. Sentencing Guidelines Manual (USSG) (2010),

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

The Guidelines further provide, in relevant part, that a "prior felony conviction" is any prior state or federal conviction that is punishable by in excess

of one year, "regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2, Application Note 1. Among other authority, to support his claim for relief Petitioner cites the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1]

In Simmons, the Fourth Circuit held that in determining whether a defendant has been convicted of an offense that is punishable by more than one year, the sentencing court must examine the individual defendant that is before the court and not a hypothetical defendant. In so holding, the Fourth Circuit overruled its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense.

According to Petitioner's presentence report (PSR), the probation officer found that he had four prior felony drug convictions, any two of which would have qualified him as a career offender. For one of the 1992 convictions for possession with intent to sell or deliver cocaine (92CRS38055) and for the 1992 conviction for the selling or delivery of cocaine Petitioner was sentenced to concurrent terms of 5-years' imprisonment. For the second 1992 conviction for possession with intent to sell or deliver cocaine, Petitioner was

---

[1] Petitioner also cites the case of Persaud v. United States. Petitioner's reliance on this case is misplaced. The Supreme Court remanded Persaud's case to the Fourth Circuit to reconsider the denial of his § 2241 motion. 134 S. Ct. 1023. Persaud sought relief from a mandatory life sentence of imprisonment based on two prior felony drug convictions, one of which was a North Carolina drug conviction which no longer qualifies as a predicate conviction for purposes of an enhanced sentence under § 851. Thus, Persaud was seeking relief from a mandatory term of life imprisonment and not a within-Guidelines sentence.

4

sentenced to a term of 5-years' imprisonment which was ordered to run consecutively to the sentence imposed 92CRS38055. (3:09-cr-00081, Doc. No. 31: PSR ¶¶ 25-26). For the 2002 conviction for attempted trafficking in cocaine, Petitioner was sentenced to a term of 13 to 16 months' imprisonment. (Id. ¶ 36).

Petitioner contends that he received only a probationary sentence for the 2002 conviction and therefore this conviction did not subject him to in excess of one year imprisonment. The PSR notes that Petitioner was convicted of this 2002 offense on September 16, 2002, and he was discharged on October 31, 2003. In addition, the website of the Adult Corrections Division of the North Carolina Department of Public Safety shows that Petitioner's active sentence for this offense began on September 16, 2002, and he was discharged from custody on October 31, 2003.

Based on the foregoing, it appears that Petitioner received an active sentence for which he served over one year in prison for the 2002 conviction. Nevertheless, even if Petitioner had only received a suspended sentence of 13 to 16 months he was still clearly subject to a term of imprisonment in excess of one year because of his crime of conviction and prior record level. Finally, notwithstanding Petitioner's challenge to his 2002 conviction, Petitioner had three 1992 felony drug convictions which plainly qualified him as a career offender.

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief.

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2241 motion is **DENIED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed without prepayment of fees is **ALLOWED**. (Doc. No. 2).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 13, 2015

Frank D. Whitney
Chief United States District Judge